I CERTIFY THAT THIS IS A TRUE COPY OF THE ORIGINAL AND OF THE WHOLE THEREOF.

*[signature]*

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| NORTHWEST ASTHMA ALLERGY CENTER, P.C., an Oregon professional corporation,<br><br>   Plaintiff,<br><br>v.<br><br>ALLSCRIPTS-MISYS, LLC, a North Carolina limited liability company,<br><br>   Defendant. | Case No. **1108-10282**<br><br>COMPLAINT FOR FRAUD, MISREPRESENTATION AND UNFAIR TRADE PRACTICES ACT<br><br>(Jury Trial Requested)<br><br>(Prayer Amount: $100,000.00) |

Plaintiff alleges:

1.

Plaintiff Northwest Asthma Allergy Center, P.C. ("Northwest") is a professional corporation incorporated in the State of Oregon. The principal owner of Northwest is George Allen, a medical doctor who assists children with serious asthma and allergy conditions.

2.

Defendant Allscripts-Misys Healthcare Solutions, Inc. ("Allscripts") is a North Carolina limited liability company which has its principal place of business in Wake County, North Carolina.

Page 1   COMPLAINT
DCAPDX_n694630_v1
HAL46-1

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
Attorneys at Law
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204-1357
(503) 224-6440

Exhibit 1
Page 1 of 6

3.

On or about August 23, 2010, Northwest entered into a contract with Allscripts for the purchase of, and license to use, certain medical software to assist with the management of medical records (the "Contract"), referred to as Allscripts-Misys Myway 8.6 (the "Software").

4.

To induce Northwest and other consumers into purchasing the Software, Allscripts represented that the Software was certified by the Certification Commission for Health Information Technology ("CCHIT") as a complete EHR (such that Northwest would qualify for government incentives for implementing electronic health records). CCHIT is a private not-for-profit organization and is federally recognized as a certification body for electronic health records.

5.

Allscripts represented that a health care provider such as Northwest which utilized the Software would be in compliance with Federal HIPAA regulations. HIPAA compliance is critical, in that HIPAA mandates the confidentiality of a patient's medical records.

6.

Northwest relied on Allscripts' representations that the Software was CCHIT certified and its utilization would achieve HIPAA compliance. Northwest would not have purchased the Software without these representations.

7.

In order to purchase the Software, Northwest entered into a financing agreement with US Bank for $90,000.00 and, in order to use the Software, entered into a monthly maintenance contract with US Bank for 60 months at $1,353.34 per month and an offsite records maintenance contract with ASP for 12 months at $200 per month (collectively the "Additional Contracts").

Page 2   COMPLAINT
DCAPDX_n694630_v1
HAL46-1

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
Attorneys at Law
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204-1357
(503) 224-6440

Exhibit 1
Page 2 of 6

8.

After entering into the Contract and the Additional Contracts, Northwest learned that the Software was neither certified by CCHIT nor did its use cause Northwest to achieve HIPAA compliance. The Software also has significant functional defects and is difficult to use.

9.

Allscripts intended that Northwest rely upon these false representations and Northwest did in fact rely upon these representations in purchasing the Software and entering into the Additional Contracts. Allscripts knew that its representations were false.

10.

As a result, Northwest has been forced to purchase additional medical record management software.

## FIRST CLAIM FOR RELIEF

(Fraud)

11.

Northwest realleges paragraph 1-10 as if fully set forth herein.

12.

Allscripts made false representations to Northwest with the intent that Northwest should rely thereon. Allscripts represented in marketing materials, on its website, on the Software's log-in screen, and on the Software's packaging, that the Software was certified by CCHT. More specifically, Allscripts provided Northwest with numerous marketing materials that stated: "Each of our CCHIT-certified solutions is designed with you in mind" and "All of our EHRs already meet the rigorous CCHIT requirements." Allscripts repeated these misrepresentations in person. Specifically, on January 26, 2009, Allscripts, through its agent Tyler Hollist, represented that the Software was CCHT certified by both presenting printed materials that contained these misrepresentations and also by stating that Northwest should switch from its current software to Allscripts' Software because the latter was CCHT certified. This

Page 3   COMPLAINT
DCAPDX_n694630_v1
HAL46-1

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
Attorneys at Law
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204-1357
(503) 224-6440

Exhibit 1
Page 3 of 6

representation was made at Northwest's clinic in Vancouver, Washington. Similarly, Allscripts, in August of 2010, made the same representation through its agent Nancy England at Northwest's clinic in Vancouver. Ms. England presented preprinted marketing materials to Dr. Allen containing these representations.

13.

Allscripts knew that these representations were false and were made with the intent to deceive and in complete disregard of Northwest's rights.

14.

Northwest was deceived by Allscripts' representations in purchasing the Software and in entering into the Additional Contracts.

15.

As a result of Allscripts' actions, Northwest has been damaged in an amount in excess of $100,000.00.

### SECOND CLAIM FOR RELIEF

(Intentional Misrepresentation)

16.

Northwest realleges paragraphs 1-15 as though fully set forth herein.

17.

Allscripts' actions constitute intentional misrepresentation, causing Northwest to suffer damages in an amount in excess of $100,000.00. Allscripts' misrepresentations were made willfully.

### THIRD CLAIM FOR RELIEF

(Negligent Misrepresentation)

18.

Northwest realleges paragraphs 1 through 17 as though fully set forth herein.

Page 4 - COMPLAINT
DCAPDX_n694638_v1
HAL46-1

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
Attorneys at Law
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204-1357
(503) 224-6440

Exhibit 1
Page 4 of 6

19.

In the alternative, Allscripts was negligent in making the representation on which Northwest relied.

20.

Northwest reasonably relied on Allscripts' misrepresentations to its detriment. Northwest has been damaged by the misrepresentations of Allscripts in an amount in excess of $100,000.00.

**FOURTH CLAIM FOR RELIEF**

(Unfair Trade Practices)

21.

Northwest realleges paragraphs 1-20 as if fully set forth herein.

22.

Allscripts' conduct was in commerce as that term is interpreted pursuant to N.C. Gen. Stat. § 75-1.1 *et seq.* (the North Carolina Unfair Trade Practice Act).

23.

Allscripts' conduct as described herein had the tendency or capacity to mislead or create the likelihood of deception.

24.

As a result of Allscripts' conduct, Northwest has been damaged in an amount in excess of $100,000.00.

25.

Northwest is entitled to recover treble damages, their reasonable attorney fees, costs and expenses.

26.

Northwest hereby gives notice that they intend to amend their complaint to allege punitive damages.

Page 5   COMPLAINT
DCAPDX_n694630_v1
HAL46-1

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
Attorneys at Law
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204-1357
(503) 224-6440

Exhibit 1
Page 5 of 6

1  WHEREFORE, Northwest prays for judgment as follows:

2  1. On Northwest's First Claim for Relief for Fraud:

3  a. Actual damages in an amount in excess of $100,000.00;

4  b. Costs and expenses incurred herein.

5  c. Punitive damages.

6  2. On Northwest's Second Claim for Relief for Misrepresentation:

7  a. Actual damages in an amount in excess of $100,000.00.

8  b. Costs and expenses incurred herein.

9  3. On Northwest's Third Claim for Negligent Misrepresentation:

10  a. Actual damages in an amount in excess of $100,000.00

11  b. Costs and expenses incurred herein.

12  4. On Northwest's Fourth Claim for Relief for Unlawful Trade Practices:

13  a. Actual damages in an amount in excess of $100,000.00;

14  b. Treble damages;

15  c. Reasonable attorney fees, costs and expenses; and

16  d. Costs and expenses incurred herein.

17  Dated August 6, 2011.

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP

John R. Barhoum, OSB #04515
Email: jbarhoum@dunncarney.com
Attorneys for Plaintiff

Page 6   COMPLAINT
DCAPDX_n694630_v1
HAL46-1

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
Attorneys at Law
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204-1357
(503) 224-6440

Exhibit 1
Page 6 of 6