**James M. Barrett**, OSB No. 011991
E-mail:  jmb@aterwynne.com
**Heidee Stoller**, OSB No. 072835
E-mail:  hs@aterwynne.com
**ATER WYNNE LLP**
1331 NW Lovejoy Street, Suite 900
Portland, OR 97209-3280
Telephone:    (503) 226-1191
Facsimile:    (503) 226-0079
        Attorney for Defendant Allscripts Healthcare, LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **NORTHWEST ASTHMA ALLERGY CENTER**, <br><br> Plaintiff, <br><br> v. <br><br> **ALLSCRIPTS-MISYS LLC**, <br><br> Defendant. | Case No. CV 11-1245 SI <br><br> **DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY PENDING ARBITRATION** |

## INTRODUCTION

Plaintiff Northwest Asthma Allergy Center (Northwest Asthma) and Allscripts Healthcare, LLC[1] (Allscripts) entered into a contract for a software license and related services in August 2010 (the Agreement).  The Agreement contains an arbitration provision that requires

---

[1]    Plaintiff named AllscriptsMisys, LLC as the defendant in this lawsuit. AllscriptsMisys, LLC is the previous legal name of Allscripts Healthcare, LLC.  (*See* Declaration of Mitchell Icenhower ("Icenhower Decl." ¶ 2.))

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY PENDING ARBITRATION**  Page 1
ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191
1319846/1/HS/105825-0001

the parties to resolve disputes through binding arbitration in North Carolina. Northwest Asthma filed this lawsuit in Oregon in August 2011, and has refused to arbitrate the dispute as required by the Agreement. Allscripts has filed a petition to compel arbitration in the U.S. District Court for the Eastern District of North Carolina, and respectfully requests this court to stay this action until the earlier of the completion of binding arbitration in North Carolina or the denial of the petition to compel arbitration currently pending in the Eastern District of North Carolina.

## BACKGROUND FACTS

Allscripts is a healthcare information technology company that provides a wide range of software solutions and services, including electronic health records and practice management products to physician practices, hospitals, and post-acute care facilities. (Icenhower Decl. ¶ 2.) In August 2010, Northwest Asthma contracted to purchase a license for practice management and electronic health records software from Allscripts, along with services related to the implementation and maintenance of the software. (*Id.* ¶ 3, Ex. 1.) The Agreement states that "[a]ny dispute or claim arising out of, or in connection with, this Agreement shall be finally settled by binding arbitration in Raleigh, NC, in accordance with the then current rules and procedures of the American Arbitration Association." (Icenhower Decl. ¶ 3, Ex. 1 at pp. 2-3.)

In August 2011, Northwest Asthma served Allscripts with a complaint alleging that Allscripts falsely represented that its software was certified by the Certification Commission for Healthcare Information Technology (CCHIT), and that its software would enable a user to comply with federal HIPAA regulations.[2] (Compl., Dkt. 1-1, ¶¶ 4-6, 8-9.) Northwest Asthma alleges that Allscripts is liable for fraud, intentional misrepresentation, negligent

---

[2] Northwest Asthma's claims are without merit. Allscripts' software enables its customers to comply with HIPAA. (Icenhower Decl. ¶ 4.) While Allscripts' software is not certified by CCHIT, it is certified by a comparable certifying body, the Drummond Group. (Icenhower Decl. ¶ 5.) The Agreement states that the software will meet the requirements "established by Certification Commission for Healthcare Information Technology ("CCHIT") *or other nationally-recognized standards bodies.*" (Icenhower Decl. ¶ 3, Ex. 1 at p. 3 (emphasis added).)

DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO
STAY PENDING ARBITRATION                                                                          Page 2

misrepresentation, and violations of the North Carolina Unfair Trade Practices Act because of these alleged misrepresentations. (*Id.* ¶¶ 12-24.)

On November 11, 2011, Allscripts filed a petition to compel arbitration of this dispute in the U.S. District Court for the Eastern District of North Carolina.[3] On that same date, Allscripts filed a demand for arbitration of the issues raised in the Complaint.

## LEGAL STANDARD

The Federal Arbitration Act (FAA) governs contracts "involving commerce," a term that has been interpreted by the U.S. Supreme Court "as the functional equivalent of the more familiar term 'affecting commerce'—words of art that ordinarily signal the broadest permissible exercise of Congress' Commerce Clause power." *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56, 123 S. Ct. 2037, 156 L. Ed. 2d 46 (2003).

"Section 2 of the FAA creates a policy favoring enforcement of agreements to arbitrate." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (citing 9 U.S.C. § 2 and *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443-44, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006)). Under Section 2 of the FAA, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "[T]he issue of the contract's validity is considered by the arbitrator in the first instance," unless a party is challenging "the arbitration clause itself." *Buckeye*, 546 U.S. at 445-46.

Section 3 of the FAA requires a court to stay proceedings upon proof that the issue in question is "referable to arbitration under an agreement in writing for such arbitration." 9 U.S.C. § 3.

/ / /

---

[3] The petition to compel arbitration is available on the CM/ECF filing system for the U.S. District Court for the Eastern District of North Carolina, Case No. 5:11-cv-00643-H.

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY PENDING ARBITRATION**    Page 3

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

1319846/1/HS/105825-0001

# ARGUMENT

### A.  The Agreement Contains a Valid and Enforceable Arbitration Agreement that Covers Northwest Asthma's Claims

The Agreement states that "[a]ny dispute or claim arising out of, or in connection with, this Agreement shall be finally settled by binding arbitration in Raleigh, NC, in accordance with the then current rules and procedures of the American Arbitration Association." (Icenhower Decl. ¶ 3, Ex. 1 at pp. 2-3.)

Northwest Asthma filed a complaint alleging fraud, intentional misrepresentation, negligent misrepresentation, and violations of the North Carolina Unfair Trade Practices Act. (Compl., Dkt. 1-1.)  All of Northwest Asthma's claims are premised on allegations that Northwest Asthma entered into the Agreement in reliance on Allscripts' allegedly false representations that its software was certified by the CCHIT and that users of its software would be in compliance with federal HIPAA regulations.  (*Id.*)   Northwest Asthma's claims are therefore "arising out of, or in connection with" the Agreement, and covered by the arbitration provision.  Section 3 of the FAA requires this court to "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."  9 U.S.C. § 3.

### B.  Northwest Asthma's Allegations of Fraud in the Inducement Are Irrelevant to the Question of Arbitrability

Northwest Asthma might argue that arbitration should not be compelled in this case, because it has alleged grounds, namely, fraud, on which it could seek revocation of the entire Agreement.  That argument is not persuasive and does not provide grounds for declining to grant a stay of the litigation.

Unless a party is challenging the specific agreement to arbitrate (as opposed to the entire agreement, as is the case here), the question of the agreement's enforceability is for the arbitrator to decide in the first instance.  *See, e.g., Buckeye Check Cashing*, *supra*, 546 U.S. at 543-44 (The

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY PENDING ARBITRATION**

Page 4

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

1319846/1/HS/105825-0001

FAA "does not permit the federal court to consider claims of fraud in the inducement of the contract generally.") (citation omitted).

The Ninth Circuit applies a "crux of the complaint" rule in differentiating between "challenges to the arbitration provision alone and challenges to the entire contract." *Bridge Fund Capital Corp. v. Fastbucks Franchise*, 622 F.3d 966, 1000-01 (9th Cir. 2010) (citing *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1268 (9th Cir. 2006)).

In its complaint, Northwest Asthma does not seek to invalidate any provision of the Agreement, much less the arbitration provision. Instead, the crux of Northwest Asthma's complaint is a request for money damages based on allegations of fraudulent inducement, which, if actually true, would be grounds to either invalidate or affirm the entire Agreement. *See, e.g., Federici v. Lehman*, 230 Or. 70, 72, 368 P.2d 611 (1962) (One induced to enter contract by fraud "may either rescind the contract and be returned to his former position or he may affirm the contract and sue for the damages suffered by reason of the fraud."). Accordingly, the crux of the complaint "threatens to invalidate or otherwise directly affect the entire contract" and is properly a matter for arbitration. *Nagrampa*, 469 F.3d at 1271.

## CONCLUSION

For the foregoing reasons, Allscripts respectfully requests that this court stay these proceedings until the earlier of the conclusion of a binding arbitration in North Carolina or the

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY PENDING ARBITRATION**

Page 5

denial of Allscripts' petition to compel arbitration in the U.S. District Court for the Eastern District of North Carolina.

DATED this 14th day of November, 2011.

**ATER WYNNE LLP**

By: /s/ Heidee Stoller
James M. Barrett, OSB No. 011991
E-mail: jmb@aterwynne.com
Heidee Stoller, OSB No. 072835
E-mail: hs@aterwynne.com
Tel: 503/226-1191; Fax: 503/226-0079

Attorneys for Defendant Allscripts Healthcare, LLC

DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY PENDING ARBITRATION

Page 6

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

1319846/1/HS/105825-0001

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY PENDING ARBITRATION** with the Clerk of the court using the CM/ECF system, which will send notification of such filing to the following person:

> John R. Barhoum
> Dunn Carney Allen Higgins & Tongue LLP
> 851 SW 6th Avenue, Suite 1500
> Portland, OR   97204
> jbarhoum@dunncarney.com
>    Attorney for Plaintiff

DATED this  14th  day of November, 2011.

     /s/ Heidee Stoller
    James M. Barrett, OSB No. 011991
    E-mail:  jmb@aterwynne.com
    Heidee Stoller, OSB No. 072835
    E-mail:  hs@aterwynne.com
    Attorneys for Defendant
    Allscripts Healthcare, LLC

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

1319846/1/HS/105825-0001